UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| HYUNDAI STEEL COMPANY, </br></br> Plaintiff, </br></br> SEAH STEEL CORPORATION, </br></br> Consolidated Plaintiff, </br></br> v. </br></br> UNITED STATES, </br></br> Defendant, </br></br> WHEATLAND TUBE COMPANY, </br></br> Defendant-Intervenor. | Court No. 18-00154 |

COMMENTS OF
SEAH STEEL CORPORATION
IN OPPOSITION TO COMMERCE'S
SEPTEMBER 8, 2021, REDETERMINATION

WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C. 20036
(202) 774-5500

Attorney for SeAH Steel Corporation

October 12, 2021

Table of Contents

Page

ARGUMENT .................................................................................................................... 1

    A.   Commerce's Adjustment for a Purported "Particular Market Situation"
         Is Unsupported by Evidence and Contrary to Law ................................................ 1

        1.   Commerce's Revised PMS Finding and Its Adjustment
            Calculation Is Not Supported by Substantial Evidence ................................ 1

        2.   Commerce's Revised PMS Finding and Its Adjustment
            Calculation Has Already Been Rejected by this Court ................................. 5

CONCLUSION .................................................................................................................. 6

Table of Authorities

Page

COURT DECISIONS

*Hyundai Steel Co. v. United States,*
    415 F. Supp. 3d 1293 (CIT 2019). ...................................................................................2

*Hyundai Steel Co. v. United States,*
    483 F. Supp. 3d 1273 (CIT 2020). ...................................................................................2

*Hyundai Steel Co. v. United States*,
    No. 18-00154 (CIT July 19, 2021). ..................................................................................3

*NEXTEEL Co. v. United States,*
    450 F. Supp. 3d 1333 (CIT 2020) ....................................................................................5

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| HYUNDAI STEEL COMPANY, <br>         Plaintiff, <br> SEAH STEEL CORPORATION, <br>         Consolidated Plaintiff, <br>     v. <br> UNITED STATES, <br>         Defendant, <br> WHEATLAND TUBE COMPANY, <br>         Defendant-Intervenor. | Court No. 18-00154 |

COMMENTS OF
SEAH STEEL CORPORATION
IN OPPOSITION TO COMMERCE'S
SEPTEMBER 8, 2021, REDETERMINATION

  This brief is submitted on behalf of SeAH Steel Corporation ("SeAH") to comment on the September 8, 2021, redetermination on remand by the Department of Commerce in the 2015-2016 administrative review of the antidumping duty order on Circular Welded Non-Alloy Steel Pipe ("Standard Pipe") from Korea.

ARGUMENT

A.  *Commerce's Adjustment for a Purported "Particular Market Situation" Is Unsupported by Evidence and Contrary to Law*

  1.  *Commerce's Revised PMS Finding and Its Adjustment Calculation Is Not Supported by Substantial Evidence*

  As the Court is aware, Commerce treated SeAH as a non-examined respondent, which meant that Commerce assigned SeAH a dumping margin based on the average of the rates calculated for the two mandatory respondents: Husteel Co., Ltd. ("Husteel") and Hyundai

Steel Company ("Hyundai Steel").  In its initial final determination, Commerce concluded that the costs calculated for Husteel and Hyundai Steel should be adjusted to account for an alleged "particular market situation" for Korean hot-rolled coil.  The finding of a "particular market situation" was, in turn, allegedly based on the cumulative effect of four factors.[1]  On appeal, the Court held that Commerce's "particular market situation" finding was not supported by substantial evidence and remanded the decision.[2]

In the first remand, Commerce continued to find that there was a "particular market situation" based on a revised analysis of five factors.[3]  In addition, Commerce concluded that Hyundai Steel's costs for purposes of the sales-below-cost test should be adjusted to account for the alleged "particular market situation."[4]  The Court found that Commerce's first redetermination had failed to consider recent, intervening decisions by the Court that held that the statute does not authorize a cost-based particular market situation analysis or adjustment for purposes of the sales-below-cost test.[5]  Accordingly, the Court remanded the decision again for Commerce to provide an explanation of the statutory basis for making a "particular market situation" adjustment to the sales-below-cost test in light of

---

[1] *See Certain Circular Welded Non-Alloy Steel Pipe from the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2015-2016*, 83 Fed. Reg. 27541 (June 13, 2018), and accompanying I&D Memorandum at cmt. 1 (PRD-314).

[2] *See Hyundai Steel Co. v. United States*, 415 F. Supp. 3d 1293, 1303 (CIT 2019).

[3] *See* Commerce's February 26, 2020, First Remand Redetermination (hereinafter "First Redetermination") (PR1RD-10).

[4] *Id*. (PR1RD-10).

[5] *Hyundai Steel Co. v. United States*, 483 F. Supp. 3d 1273, 1277 (CIT 2020).

the recent decisions.[6]  The Court's decision did not address the arguments presented by Plaintiff regarding the lack of a proper evidentiary basis for Commerce's continued finding that a "particular market situation" did exist during the relevant period.

In the second remand, Commerce provided an explanation of the statutory basis for making a "particular market situation" adjustment to Hyundai Steel's costs for purposes of the sales-below-cost test.[7]  In its review of the second remand redetermination, the Court held that Commerce's application of a "particular market situation" adjustment for purposes of the sales-below-cost test was not permitted by the statute and remanded the decision once again.[8]  In this regard, because the Court concluded that Commerce's "particular market situation" adjustment to the sales-below-cost test was not in accordance with the law, the Court did not address Commerce's revised five-factor "particular market situation" analysis.[9]

In the third remand redetermination, which is now before the Court, Commerce recalculated the margins for the two mandatory respondents and assigned the average of their recalculated margins to SeAH.  Commerce correctly recalculated Hyundai Steel's margin without making any "particular market situation" adjustment.  For Husteel's recalculated rate, Commerce did not apply a "particular market situation" adjustment for purposes of the sales-below-cost test, but it did apply "a particular market situation

---

[6] *See id.* at 1281.

[7] *See* Commerce's February 2, 2021, Second Remand Redetermination (PR2RD-7).

[8] *Hyundai Steel Co. v. United States*, No. 18-00154, 2021 WL 3028124, at *8 (CIT July 19, 2021).

[9] *See id*. at 7.

adjustment for normal value in situations where {Husteel's margin was} determined based on constructed value."[10] In support of that position, Commerce asserted that it continues to find that a "particular market situation" existed for hot-rolled coils in Korea during the review period based on the revised analysis set forth in the first remand redetermination that considered five factors and "additional" record evidence.[11]

As mentioned, the Court reserved judgment on Commerce's revised "particular market situation" analysis in its earlier decision because it apparently believed that its ruling on the sales-below-cost issue fully resolved the dispute in this case. However, because Commerce used constructed value as the basis for normal value for some of the Husteel comparisons, the issue continued to affect Commerce's calculations in the third remand redetermination, and we therefore ask the Court to address it now. In this regard, we note that Plaintiff Hyundai Steel submitted extensive comments to the Court following Commerce's first remand determination that fully explained how Commerce's revised five-factor "particular market situation" analysis is not supported by substantial evidence.[12] In the interest of brevity, we will not repeat that discussion but incorporate them by reference. In our view, those comments demonstrate conclusively that Commerce's finding that a "particular market situation" existed was unsupported by substantial evidence. Consequently, the constructed value for Husteel (for the comparisons for which normal value was based on constructed value) should have been based on Husteel's actual

---

[10] Commerce's September 8, 2021, Third Remand Redetermination at 6-7 (PR3RD-7).

[11] *See id.* at 5 (PR3RD-7).

[12] *See* Hyundai Steel's April 13, 2020, Comments in Opposition to Remand Redetermination (ECF No. 75).

costs without any adjustment for a "particular market situation." In such circumstances, the dumping margin assigned to SeAH should also be recalculated based on the revised Husteel dumping margin.

### 2. Commerce's Revised PMS Finding and Its Adjustment Calculation Has Already Been Rejected by this Court

It should be noted that after the deadline for submission of comments in opposition of Commerce's first remand redetermination, the Court issued its decision in the appeal of the second administrative review of Korean OCTG. In that case, Commerce also attempted to overcome the Court's original holding that Commerce's "particular market situation" finding is not supported by substantial evidence by applying a five-factor analysis on remand. The five-factor analysis and the "additional" evidence that Commerce relied on in this case are essentially identical to the arguments and record that Commerce placed before the Court in the second Korean OCTG review appeal.[13] Significantly, the Court held in the second Korean OCTG review appeal that:

> …Commerce's analysis and explanation of the five factors supporting a particular market situation in Korea are unsupported by substantial record evidence, both when viewing the five factors individually and collectively. The court remands and directs Commerce to reverse its finding of a particular market situation and to recalculate the mandatory respondents' and non-examined companies' dumping margins.[14]

---

[13] *Compare* First Redetermination at 27-39 (PR1RD-10) *with NEXTEEL Co. v. United States*, 450 F. Supp. 3d 1333, 1339-1343 (CIT 2020). *Compare also* Hyundai Steel's April 13, 2020, Comments in Opposition to Remand Redetermination (ECF No. 75) at 7-20 *with NEXTEEL*, 450 F. Supp. 3d at 1339-1343.

[14] *NEXTEEL*, 450 F. Supp. 3d at 1343.

In these circumstances, the Court should, once again, reject Commerce's five-factor analysis and direct Commerce to reverse its finding of a "particular market situation" and to recalculate the dumping margin for Husteel and SeAH without a "particular market situation" adjustment.[15]

CONCLUSION

For the foregoing reasons, Commerce's Redetermination cannot be sustained, and this Court should remand this matter with instructions for Commerce to recalculate the dumping margin for Husteel, as well as the average rate applied to SeAH, without any "particular market situation" adjustment.

Respectfully submitted,

/s/Jeffrey M. Winton

Jeffrey M. Winton
Amrietha Nellan
WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C. 20006
(202) 774-5500

Attorney for SeAH Steel Corporation

October 12, 2021

---

[15] *Id.*

<u>Certificate of Compliance</u>

    Pursuant to the Court's "Standard Chambers Procedures," I, Jeffrey M. Winton, hereby certify that the word count function of the word-processing system used to prepare the foregoing brief indicates that the brief contains 1,264 words including headings, footnotes, and quotations, but not including the cover, caption, table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature block.

                                                /s/Jeffrey M. Winton

October 12, 2021