UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| HYUNDAI STEEL COMPANY, and SEAH STEEL CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Before: Hon. Jennifer Choe-Groves, Judge |
| UNITED STATES, | ) ) | Consol. Court No. 18-00154 |
| Defendant, | ) ) | |
| and | ) ) | |
| WHEATLAND TUBE COMPANY, | ) ) | |
| Defendant-Intervenor | ) ) | |

## DEFENDANT-INTERVENOR'S COMMENTS IN PARTIAL OPPOSITION TO REMAND REDETERMINATION

Roger B. Schagrin
Elizabeth J. Drake
**SCHAGRIN ASSOCIATES**
900 7th Street, N.W., Suite 500
Washington, DC 20001
*Counsel to Defendant-Intervenor
Wheatland Tube Company*

October 12, 2021

Defendant-intervenor Wheatland Tube Company ("Wheatland") hereby submits its comments in partial opposition to the U.S. Department of Commerce's ("Commerce") Second Redetermination Pursuant to Court Remand ("Second Remand Redetermination") (ECF No. 94) in the above-captioned action.

In its Second Remand Redetermination, Commerce continued to find that a particular market situation existed in Korea during the period of review that distorted the price of hot-rolled coil, the principal material input for the production of the subject merchandise, based on the totality of circumstances of the five factors described above and in the First Remand Redetermination. Second Remand Determination at 5. Wheatland agrees with this aspect of Commerce's determination.

However, because this Court ruled that Commerce is not permitted to make a particular market situation adjustment to the cost of production as an alternative calculation methodology when using normal value based on home market sales, *Hyundai Steel Company v. United States*, Court No. 18-00154, Slip Op. 21-88 at 17 (CIT July 19, 2021), Commerce was forced to abandon any attempt to provide a remedy for the particular market situation found to exist. Second Remand Determination at 6.

Because Wheatland respectfully disagrees with this Court's holding that the statute does not permit an adjustment to the cost of production to account for a particular market situation when normal value is based on home market sales, we also disagree with this aspect of Commerce's remand determination. We recognize, however, that Commerce faced no choice but to comply with this Court's order. We therefore support Commerce's decision to submit the remand determination under respectful protest.

1

Please contact the undersigned with any questions regarding this submission.

Respectfully submitted,

/s/ Roger B. Schagrin
Roger B. Schagrin
Elizabeth J. Drake
**SCHAGRIN ASSOCIATES**
900 7th Street, N.W., Suite 500
Washington, DC 20001
*Counsel to Defendant-Intervenor*
*Wheatland Tube Company*

October 12, 2021